Harry G. Herman, S.
In connection with the judicial settlement of the executor’s account, the court is asked to construe *768 decedent’s will, more particularly the provisions of article “ third subdivisions “ 3 ” and “ 4 ”. The special guardian reports the proceeding is jurisdictionally defective and objects to the fee of the attorneys for the estate as being excessive.
The decedent died October 21, 1929, and his will was admitted to probate by this court November 15, 1929. By his will a residuary trust was established for his widow until her death or until she married. She remarried December 28, 1936. Upon the happening of that event the residuary estate was then divided into two equal parts to be continued in trust for the benefit of his two sons as hereinafter quoted:
PARAGRAPH THIRD
“ AMD UPON THE FURTHER TRUST:—
“ 3. That they hold, invest and keep invested one of such equal half shares of my said residuary estate and the proceeds of any sales thereof and collect, recover, receive, pay and apply the net rents, issues, interest, income and profits arising therefrom to and for the use and benefit of my son, johh douglas goods, for and during the term of his -natural life, or until he shall 'reach the age of forty-(-10) years. ajg
Thirty (30)
“ Upon his reaching the said age of forty (40) years, that-they transfer and pay over the-principal and any unpaid income of such one-half share of my said residuary estate, or the proceeds of any sales thereof, to my said son, to whom I give, devise and bequeath the same absolutely and forever.
‘ ‘ In the event that my said son shall die before reach-Thirty (30)
ing the age of -forty ■ (40-) years, that they divide, dis- ajg tribute, transfer and pay over such one-half share, or the proceeds of any sales thereof, to- or among tho Issue digtrlbutes-tramsfor and pay - over- such- one-ha-lf ehare, -er-the-proooods of any sales- thereof, to or among the issue of my said son and to or among the issue of any deceased issue, of my said son, share and share alike, per stirpes and not per capita; if there be no issue of my said son .or issue of any deceased issue .of my said son, then living, that they transfer and pay over such one-half share, or the proceeds of any sales thereof to my son, richard lever goods, if living, and if he be not living, then to or among his issue and to or among the *769 issue of any deceased issue of my said son, bichard lever goods, share and share alike, per stirpes and not per capita; and if there be no such issue, then to the male issue and male issue of deceased issue of my brother, william thomas goode, and to the issue and issue of deceased issue of my sister, eva may keller, in equal shares, per stirpes and not per capita, absolutely and forever;
*1 and upon the further trust : — ■
“ 4. That they hold, invest and keep invested the other equal half share of my said Residuary Estate and the proceeds- of any sales thereof and collect, recover, receive, pay and apply the net rents, issues, interest, income and profits arising therefrom, to and for the use and benefit of my son, richard lever goode, for and during the term of his natural life, or until he shall reach the age of years. ajg
Thirty (30)
u Upon his reaching the said age of forty (40) years, that they transfer and pay over the principal and any unpaid income of such one-half share of my said Residuary Estate, or the proceeds of any sales thereof, to my said son, richard lever goods, to whom I give, devise and bequeath the same absolutely and forever.
1 ‘ In the event that my said son shall die before reaching the age of forty (40) years, that they divide, distribute, transfer and pay over such one-half share, or the proceeds of any sales thereof, to or among the issue of my said son and to or among the issue of any deceased issue of my said son, share and share alike, per stirpes and not per capita; if there be no issue of my said son or issue of any deceased issue of my said son, then living, that they transfer and pay over such one-half share, or the proceeds of any sales thereof, to my son, John douglas goode, if living, and if he be not living, then to or among his issue and to or among the issue of any deceased issue of my said son, john douglas goode, share and share alike, per stirpes and not per capita; and if there be no such issue, then to the male issue and male issue of deceased issue of my brother william thomas goode, and to the issue and issue of deceased issue of my sister, eva may keller, in equal shares, per gtirpes and not per capita, absolutely and forever ”,
*770 John Douglas Goode has attained the age of 40. Therefore his trust terminates and any construction with respect to subdivision ‘‘ 3 ” is now academic except insofar as it may relate to the construction of subdivision “ 4 Richard Lever Goode is presently 38 years of age. The question presented is whether the testator effectively altered the will so as to cause the trust created for the benefit of Richard Lever Goode to terminate upon his attaining the age of 30 years. Subdivisions “ 3 ” and “4” use identical language except that the interlineations were not consistently made in both subdivisions, two changes appearing in subdivision “3” and one change in subdivision “ 4
To resolve the question the court must determine whether the changes were made prior to the execution of the will or subsequent thereto. An examination of the probate proceeding back in 1929 fails to reveal any specific testimony having been taken on this question. All witnesses to the will and the attorney who prepared the instrument are deceased. The court, in the absence of any evidence to the contrary, relies upon the probate decree of November 15,1929, which admitted to probate the instrument as submitted with the changes. The failure of said decree to include a finding that said changes were invalidly made causes the court to conclude the changes in the will are effective. The fact that both paragraphs as originally written are identical convinces the court that the decedent intended to treat both beneficiaries similarly. The court believes the testator intended to change “40” to “30” throughout subdivisions “3” and “4” of the will in order to maintain the desired consistent treatment of both sons. There can he. but one logical conclusion and that is that the failure to make the same changes in each paragraph under subdivisions “ 3 ” and “ 4 ” was an inadvertent omission. The court holds the testator intended to terminate the trusts at the earlier age; therefore the trust for Richard Lever Goode terminated upon his attaining 30 years of age and he is now entitled to distribution of the trust principal.
While some question as to jurisdiction was properly raised by the special guardian, any previously existing defect has since been cured by the appearance of those necessary parties who originally were not joined in this proceeding.
The special guardian raises an objection to counsel fees. Considering all the circumstances the court is constrained to allow the fee for all services rendered and to be rendered to and including the settlement of the decree.